William Anderson, Defendant in Error, v. The Metropolitan West Side Elevated Railway Company, Plaintiff in Error.

Gen. No. 17,749.

CARRIERS—*where evidence does not sustain verdict.* Where it is alleged that defendant was negligent in directing plaintiff to enter a moving train, the weight of the evidence being manifestly against plaintiff's claim that the conductor opened the gate and invited him to board the train, the judgment for plaintiff is reversed.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed June 24, 1913.

ADDISON L. GARDNER, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff recovered judgment for injuries received while attempting to board one of defendant's cars at its Gunderson avenue station, which is between said

avenue and the next street east thereof. These streets run north and south and defendant's tracks east and west. The train consisted of two cars, and was going east. The station was south of its track on a platform about five feet high with steps at each end approached by a cinder path.

When the train crossed Gunderson avenue, plaintiff passed its rear to the cinder walk and ran along the same and the platform to catch it. There being no passengers there, the train made only a brief stop, and plaintiff did not reach the point where he attempted to board it until it was again in motion. Just how near the east end of the platform he was when he made the attempt, which car he attempted to board, whether he stepped into the space between the platform and car when he fell, as claimed by him, or the space between the two cars, as claimed by the conductor, and whether the conductor opened the gate of the car and invited him to get on, were controverted questions, with plaintiff as witness on one side and the conductor and several passengers on the other.

Plaintiff claimed that defendant was negligent, (1) in "maintaining an open, unprotected space of several inches between the trains and the platform;" (2) "in the manner in which it operated and managed and directed plaintiff to enter the train," and (3) "in the construction and maintenance of an improper platform."

If there was any basis of fact for the third contention not embraced in the first, it consisted of a claim that the platform was insufficiently lighted. But no such claim is urged in the argument nor was there evidence to support it. Nor was there any evidence tending to support improper operation and management of the train, except as connected with the alleged direction.

The claim of negligence therefore was reduced practically to two contentions,—maintaining unprotected

space as aforesaid and giving a careless direction. Under the undisputed facts of the case a question of the former hardly arises unless the evidence supports the latter. In fact, there was no evidence of the width of such space or even that it was practicable to run trains with less space, so that the only charge of negligence with reference to which there was evidence justifying submission of the case to the jury related to the alleged direction, and the question raised by the evidence was whether plaintiff was directed or invited to board the moving train under such circumstances that defendant was chargeable with negligence and plaintiff relieved of contributing to it.

Only plaintiff and the conductor gave direct evidence on that question. The former said that as he came to the gate of the moving car, he cried out, "All right," and that the conductor opened the gate and said, "Come on."

The conductor denied both statements, and said that the gate was not opened and that plaintiff tried to step on to the rear end of the car platform, missed it and fell into the space between the two cars.

On this point, as well as the others, the testimony of several disinterested witnesses tended strongly to support the conductor's version. While they did not see the accident, two swore that the gate was not opened, and we think the weight of the evidence was manifestly against the claim that it was, and therefore against the theory that anything was done by defendant's agent to encourage plaintiff to board the moving train.

We cannot say as a matter of law that plaintiff was guilty of contributory negligence. If the fact be that he stepped into the space between the car and platform, yet as the record does not disclose its width or the speed of the train, we are unable to say whether compliance with the invitation or direction to get

468 APPELLATE COURTS OF ILLINOIS.

Proctor v. Wells Bros. Co. of N. Y., 181 Ill. App. 468.

aboard, if given, was in the face of open and obvious danger.

It seems strange that there was failure to furnish the jury exact information on the question of distances which became the subject of controversy in two trials, and which both parties had the opportunity to measure. They were not given even approximate distance of the platform from the car, and it was left to conjecture whether the length of the cinder path was forty or one hundred and fifty feet, and that of the platform sixty or ninety feet, when either party could have furnished actual measurements and, perhaps, saved another trial.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*